(103 So. 519)

No. 24888.

## DEBRUEYS v. BURNS et al.

(Feb. 2, 1925. Rehearing Denied March 30, 1925.)

*(Syllabus by Editorial Staff.)*

**Principal and agent** ⬅78(6)—**Mandate; judgment ordering defendant to pay plaintiff money alleged to have been received as plaintiff's agent held not justified by evidence.**

Judgment ordering defendant to pay plaintiff a sum of money alleged to have been received as agent of plaintiff *held* not justified by evidence.

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Suit by William E. DeBrueys against Albert S. Burns, William B. Lancaster, and others. From an adverse judgment, defendant last named appeals. Judgment set aside, and suit ordered dismissed.

See, also, 144 La. 707, 81 So. 259.

Dart & Dart, of New Orleans, Miller & Burns, of Covington, John Wagner, of New Orleans, and Thomas M. Burns, of Covington, for appellants Burns and Lancaster.

Harvey E. Ellis, of Covington, and George Montgomery, George B. Smart, and M. R. Neuhauser, all of New Orleans, for appellee.

ROGERS, J. This is the second time this case has been before this court. On the first hearing a judgment for $13,458.40, rendered pro confesso against William B. Lancaster, one of the defendants, on a rule to traverse his return to a writ of subpœna duces tecum, was set aside and the case remanded, for the purpose of an accounting on the part of said defendant of the funds claimed to have been received by him as the alleged agent of plaintiff. The several opinions delivered by the court on that hearing contain a full statement of the issues involved. See DeBrueys v. Burns et al., 144 La. 707, 81 So. 259.

The present appeal is prosecuted by said Lancaster from a judgment rendered on the second trial of the case, in which he was condemned to pay plaintiff the sum of $2,140, with interest and costs.

As is shown in his written opinion, which is filed in the record, the judge a quo found the testimony produced on this trial to be "very vague, indifferent, uncertain, and contradictory," and that it was "difficult for the court to arrive at anything like an accurate or definite amount." However, the court finally reached the conclusion that the testimony, as a whole, showed there were approximately 400 lots sold, or contracted to be sold, out of the tract owned by plaintiff, and, taking this as a basis, he estimated that at least 100 of these contracts would be paid out, on which, at the minimum of $36 per lot, a total of $3,600 would be realized. One-third of this amount, or $1,200, was allowed for the expense of salesmen, and $360 for commissions, and the balance, or $2,100, was fixed as the amount due plaintiff, and the judgment was rendered accordingly. No credit appears to have been given in the judgment for the amount of the note on which the executory process issued.

We have carefully examined the record, and agree with our learned brother of the district court that the testimony is vague, uncertain, and contradictory, but we do not find any basis upon which any judgment can be rendered in favor of plaintiff.

It is true, we think, the evidence shows that what purported to be contracts for the purchase of approximately 400 lots were brought by various salesmen into the office of the defendant Lancaster; but few of these contracts were completed. Many of them were spurious, executed by the salesmen themselves, in the names of fictitious persons, in order that said salesmen might obtain advances on their monthly guaranteed salaries. It appears these solicitors were to retain the first 25 cents paid on account of

the purchase price of each lot, and were to receive as additional compensation one-third of the total collections on the contracts brought in by them under a guarantee that the monthly earnings of each of said employees would not be less than $60.

It is in evidence that one of these solicitors, named Johnson, alone, wrote out, signed and brought in more than 100 of these spurious contracts.

It is also shown that practically all of the genuine contracts never advanced further than the first payment. A few of the contracts were completed and deeds executed. Plaintiff claims to have personally secured 192 contracts, but, with few exceptions, the prospective purchasers ceased paying and the contracts lapsed.

The record fails to disclose the number of completed sales, the time when and to whom they were made, the prices paid for the respective lots, and the expenses connected with the transactions.

In these circumstances, the only decree that can be rendered in the case is one nonsuiting plaintiff.

For the reasons assigned, the judgment appealed from is set aside, and it is now ordered that plaintiff's suit be dismissed, as in the case of nonsuit, at his costs.